DAVID E. PARSONS

*vs.*

WATERVILLE & OAKLAND STREET RAILWAY.

Kennebec.    Opinion February 20, 1906.

*Street Railway.    Change of Location  by Railroad  Commissioners.    Failure of Clerk to Give Notice of Change.    Operation  for Purposes Other than  Street  Traffic. Use of Street by Street Railroad.    Public  Servitude.    R. S., c. 53, §§ 16, 20.*

The determination of the railroad commissioners in regard to the change of location of a street railroad is final.    The omission of the clerk of the railroad commissioners, within five days after the filing of the certificate of their decision, to give notice of such determination to all parties of record, does not deprive the railroad corporation of its right to construct and operate its road, or make that a public nuisance which would otherwise be a lawful use of the street.

The operation of a street railroad for other purposes than street traffic, before the railroad commissioners have granted a certificate of its safety for public travel, is not forbidden by R. S., chapter 53, section 20.

The use of a street by a street railroad, is a public servitude imposing no additional burden upon the abutter.    The damages paid, when the street was built, were for all time and for all public uses fairly contemplated at the time the land was taken.

Such inconveniences as are inseparable from the use by the public of a public way, cannot be made the foundation of an action for damages.

On exceptions by plaintiff.    Overruled.

Action on the case to recover damages alleged to have been sustained by the construction and operation of the defendant's street railway on Church street in Oakland.    The plaintiff was a regular practising physician in said Oakland and whose residence and place of  business was on said Church street.    At nisi prius the plaintiff moved to amend his declaration and his amendment was allowed. The defendant then demurred to the amended declaration, and the presiding Justice pro forma sustained the demurrer, to which ruling the plaintiff excepted,

The case is fully stated in the opinion.

*George W. Field,* for plaintiff.

*Charles F. Johnson,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

POWERS, J.   This is an action to recover damages claimed to have been sustained by the construction and operation of the defendant's street railway on Church street in Oakland.   The case comes here on exceptions to sustaining a demurrer to the plaintiff's amended declaration.

The writ sets out that the defendant constructed its street railway track along the easterly side of Church street in Oakland; that over said track between July 4, 1903, and the date of the writ, July 6, 1905, it very frequently ran its cars, thereby creating a great noise and disturbance; that the plaintiff's residence and place of business was on the easterly side of said Church street and that there was no access to the premises from said street except by crossing said track, and no access to them elsewhere that was convenient or adequate for the plaintiff.   It is further averred that the plaintiff was a regular practising physician, that in making necessary calls upon his patients he was required to cross defendant's track from his premises more frequently than would otherwise have been necessary for persons engaged in other callings and pursuits, that he was greatly hindered, delayed and interfered with in such crossings by the location of said track and the passing of said cars; that persons desiring to come to his premises for the purpose of consulting him professionally were greatly hindered and by reason of the location of the defendant's track have desisted and refrained from coming.   The amendment states that the defendant's track was originally located in the center of Church street, that at a hearing for relocation at the easterly side the plaintiff appeared before the railroad commissioners and opposed such relocation, that no notice of their determination was sent by the clerk of said railroad commissioners to the plaintiff or his counsel as required by law; that the defendant run its cars from July 4 to

Sept. 2, 1903, without any certificate from the railroad commissioners, and finally that by the location of the track and the running of the cars the plaintiff's property, as a place of business for a practising physician, has been greatly decreased in value.

The determination of the railroad commissioners was final upon the question of a change of location. R. S., chapter 53, section 16. No right of the plaintiff was affected by the clerk's alleged failure to give him notice of the decision within five days after the certificate was filed. It was a mere ministerial act on the part of the clerk which the defendant could not control and for which it was not responsible. His omission could not deprive the defendant of its right to construct and operate its road, or make that a public nuisance which would otherwise be a lawful public use of the street.

The averment that the defendant from July 4 to Sept. 2, 1903, ran its cars without any certificates from the the railroad commissioners as provided by R. S., chapter 53, section 20, is not sufficient to bring such running of its cars within the inhibition of that section. It is the operation of a railroad for street traffic, without a certificate of its safety for public travel, that is prohibited. The running of cars may be for construction or other purposes entirely distinct from street traffic and public travel.

The declaration therefore contains nothing which shows that the defendant's track was not legally located, constructed and operated and its use of the street a lawful and proper one. It is settled that the use of a street by a street railroad is a public servitude imposing no additional burden upon the abutter. The damages paid, when the street was built, were for all time and for all public uses fairly contemplated at the time the land was taken. *Briggs* v. *Horse R. R. Co.*, 79 Maine, 363. *Taylor* v. *Street Ry.*, 91 Maine, 193. Elc. R. R. Co., Appellants, 96 Maine, 110.

That the plaintiff was hindered, delayed and inconvenienced and people desiring to consult him professionally were kept away, because of having to cross the defendant's track, would not give him a right of action against the defendant for a lawful use of the public way. The defendant had the same right to run its cars along its track that the plaintiff had to drive his horse upon the street. There is no sug-

gestion in the declaration that the defendant did not exercise its right with a due regard for the rights of the plaintiff. So long as two bodies cannot occupy the same point in space at the same time, it will continue at times to be an inconvenience, hindrance or delay to one, having occasion to use a public way, that any other object or person, car, wagon, man or beast should be permitted upon it. It is however a public way for the use of all having occasion to use it in a manner authorized by law. Such inconveniences are inseparable from its use by the public as a public way, and cannot be made the foundation of an action for damages.

*Exceptions overruled.*